Filed 9/20/13  P. v. Guevara CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MATTHEW DAVID GUEVARA,<br><br>    Defendant and Appellant. | F065032<br><br>(Super. Ct. No. CRF36991)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tuolumne County.  James A. Boscoe, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Cornell, Acting P.J., Gomes, J., and Kane, J.

Matthew David Guevara was convicted of burglary, conspiracy to commit burglary, and petty theft with three or more theft-related prior convictions. The parties agree that there was sufficient evidence of only two theft-related prior convictions. We will reverse the judgment on that count in part and remand for retrial or resentencing.

## *FACTUAL AND PROCEDURAL HISTORIES*

Guevara and two others entered a Kohl's department store in Sonora, took some sheets and pillowcases from the shelves, and then returned them for $187.66 in store credit, even though they had never bought them in the first place. A loss prevention supervisor watched them doing this. The sheriff's department was called.

The district attorney filed an information charging Guevara with three counts: (1) conspiracy to commit commercial burglary (Pen. Code, §§ 182, subd. (a)(1), 459);[1] (2) second degree commercial burglary (§ 459); and (3) petty theft with three prior theft-related convictions (§§ 484, 666). The information alleged that Guevara had five prior theft-related convictions (§ 666), as well as four prior felony convictions (§ 1203, subd. (e)(4)). Before trial, Guevara admitted to two of the prior theft-related convictions.

The jury found Guevara guilty of each count. The court imposed a county jail term of three years (the upper term) on count 3, plus eight months (one-third of the middle term) on each of counts 1 and 2, stayed under section 654. Applying section 1170, subdivision (h)(5)(B), the court divided the sentence between 18 months of incarceration and 18 months of mandatory supervision.

## *DISCUSSION*

Petty theft is a misdemeanor, punishable by a fine and up to six months in county jail. (§ 490.) Petty theft with three prior convictions for certain enumerated theft-related offenses, however, is a wobbler if the defendant served terms in penal institutions for each of those offenses or was incarcerated as a term of probation. It is punishable either

---

[1]Subsequent statutory references are to the Penal Code.

by up to a year in county jail or by 16 months, two years, or three years in county jail. (§§ 666, 1170, subd. (h).)

In this case, the information alleged five prior theft-related convictions. The People stipulated to the dismissal of two of these because they were duplicative. Guevara then was asked to admit to, and did admit to, two others. The record does not show why he was not asked to admit to the remaining one.

The parties agree that the court could not properly impose the three-year term for count 3 when only two prior theft-related convictions were established. Further, Guevara was not asked to admit to incarceration for any of the priors, yet the statute requires proof of incarceration. The parties also agree that even the admissions Guevara made were not valid because the court did not give the required admonitions about the rights Guevara was waiving by admitting to the priors. (See *Boykin v. Alabama* (1969) 395 U.S. 238, 242; *In re Tahl* (1969) 1 Cal.3d 122, 132.)

Finally, the parties agree that, under *Monge v. California* (1998) 524 U.S. 721, the People are entitled to retry the question of whether Guevara had the priors necessary to support the enhanced sentence. The usual bar on retrial of findings reversed for insufficient evidence—which is based on double-jeopardy considerations—does not apply to priors. (*Id.* at pp. 727-734.)

Having reviewed the record, we conclude that the parties are correct. Reversal of count 3 in part and remand are necessary.

### *DISPOSITION*

The conviction on count 3, petty theft with three or more theft-related prior convictions, is reversed in part. Specifically, the jury's finding that Guevara committed petty theft is affirmed and the court's finding that Guevara had the necessary prior convictions is reversed. The sentence is vacated. The case is remanded to the superior court for retrial or resentencing. The judgment is affirmed in all other respects.